# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

KARLENE ROLLE

    PLAINTIFF,

v.                      CIVIL ACTION NO.:

SUN WEST MORTGAGE
COMPANY, INC.

    DEFENDANT.
_____/

## COMPLAINT

Plaintiff, Karlene Rolle, (hereinafter referred to as the "Plaintiff" or "Rolle"), by and through her undersigned attorney, and sues the Defendant, Sun West Mortgage Company, Inc., (hereinafter referred to as the "Defendant" or "SWMC"), and submits this Complaint which alleges the following:

## INTRODUCTION

1. This is an action brought by Plaintiff, against Defendant, Sun West Mortgage Company, Inc., for unpaid overtime pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq,* as she was not paid overtime for hours worked over forty (40) per week, even though she was a "non-exempt" employee, and thus entitled to such wages under federal law. Plaintiff further brings this action for relief pursuant to Florida Statutes 448.08, Accrued and Unpaid Wages and/or

Commissions.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because Defendant conducts business throughout this Division and District and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

4. Plaintiff was employed by Defendant as a relationship manager preceding the filing of this Complaint and performed work for Defendant in the State of Florida and in the Northern District of Florida.

5. During all times material to this complaint, Defendant was Plaintiff's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

6. During all times material to this Complaint, Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(d).

7. This Court has jurisdiction over this controversy pursuant to 29 U.S.C.

§216(b) and 28 U.S.C. §1331. At all times pertinent to this Complaint, the Defendant, operated a business enterprise, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

8. The Defendant is a privately owned mortgage-backed originator and service company. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

9. During the relevant time period, the Defendants employed at least two other individuals besides the Plaintiff, who were "engaged in commerce or in the production of goods for commerce," or "had employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i).

10. Upon information and belief, during the period of the Plaintiff's employment, the Defendants' enterprise had an annual gross volume of sales made or business done of not less than five hundred thousand dollars in accordance with §203(s)(1)(A)(ii).

11. The Defendant is subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Northern District of Florida.

12. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Northern of Florida.

13. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## PARTIES

14. Plaintiff is a citizen of the State of Florida who resides in Milton and was employed by Defendant as a relationship manager and was underpaid and also did not receive overtime for hours worked over forty (40) per workweek during her employment during the last two years.

15. Defendant, Sun West Mortgage Company, Inc., ("SWMCI") is a for-profit foreign company licensed to do, and is doing business, in the State of Florida.

## STATEMENT OF FACTS

16. Ms. Rolle worked for Sun West Mortgage Company, Inc. ("SWMCI") from June 15, 2020 until May 5, 2021, as a Relationship Manager.

17. Plaintiff regularly worked in excess of forty (40) hours of overtime in a workweek between June 15, 2020 and May 5, 2021.

18. Defendant paid Plaintiff some overtime, but not for all hours worked in excess of forty (40) nor did Defendant pay Plaintiff her correct rate of overtime pay.

19. In addition to the unpaid overtime hours worked, Defendant underpaid Plaintiff for all overtime hours it did pay, as it did not properly calculate the regular rate of pay to include the non-discretionary bonus per loan funded and closed for which Plaintiff was responsible.

20. At all relevant times, Plaintiff was a non-exempt employee and entitled to be paid for all hours worked and at a rate of one and one-half ( 1 1/2 ) times her regular rate for hours worked in excess of forty (40) hours per workweek.

21. During her employment with Defendant, Plaintiff was paid $23.08 per hour and was to receive a $100.00 non-discretionary bonus per loan funded and closed for which she was responsible.

22. Plaintiff closed eighty-two (82) loans and worked approximately 230.42 hours of overtime between June 15, 2020 and April 1, 2021.

23. Plaintiff was paid an overtime rate of $34.62 per hour.

24. Defendant failed to pay Plaintiff the $100.00 non-discretionary bonus earned for eighty-two (82) closed and funded loans she was responsible.

25. Defendant further failed to include the $100.00 non-discretionary bonus payment in calculating Plaintiff's regular rate of pay for overtime purposes.

26. The non-discretionary bonus earned by Plaintiff is considered payment for hours worked and must be included when calculating her regular rate and bonus overtime rate.

27. During the following pay periods, Plaintiff worked overtime and earned $100.00 non-discretionary bonus for closed and funded loans, but was not paid either.

28. From 7/16-31/2020, Plaintiff closed seven (7) loans. 7 x $100 non-discretionary bonus = $700; Overtime: 27.42 hours; Unpaid Bonus OT: $106.66; Unpaid Overtime:  $345.50; Total Unpaid OT/Bonus: $1,152.16.

29. From 8/1-15/2020, Plaintiff closed five (5) loans. 5 x $100 non-discretionary bonus = $500; Overtime: 14.42 hours; Unpaid Bonus OT: $45.13; Total Unpaid OT/Bonus: $545.14.

30. From 8/16-31/2020, Plaintiff closed four (4) loans. 4 x $100 non-discretionary bonus = $400; Overtime: 11.12 hours; Unpaid Bonus OT: $24.43; Total Unpaid OT/Bonus: $424.48.

31. From 9/1-10/2020, Plaintiff closed four (4) loans. 4 x $100 non-discretionary bonus = $400; Overtime: 6.10 hours; Unpaid Bonus OT: $15.26; Total Unpaid OT/Bonus: $415.26.

32. From 9/16-31/2020, Plaintiff closed four (4) loans. 4 x $100 non-discretionary bonus = $400; Overtime: 9.02 hours; Unpaid Bonus OT: $29.09;

Total Unpaid OT/Bonus: $429.09.

33. From 10/1-15/2020, Plaintiff closed three (3) loans. 3 x $100 non-discretionary bonus = $300; Overtime: 22.0 hours; Unpaid Bonus OT: $36.17; Total Unpaid OT/Bonus: $336.17.

34. From 10/16-31/2020, Plaintiff closed five (5) loans. 5 x $100 non-discretionary bonus = $500; Overtime: 37.0 hours; Unpaid Bonus OT: $114.48; Total Unpaid OT/Bonus: $614.48.

35. From 11/1-15/2020, Plaintiff closed seven (7) loans. 7 $100 non-discretionary bonus = $700; Overtime: 25.20 hours; Unpaid Bonus OT: $110.25; Total Unpaid OT/Bonus: $815.25.

36. From 11/16-30/2020, Plaintiff closed nine (9) loans. 9 x $100 non-discretionary bonus = $900; Overtime: 15.35 hours; Unpaid Bonus OT: $77.86; Total Unpaid OT/Bonus: $977.86.

37. From 12/1-15/2020, Plaintiff closed eight (8) loans. 8 x $100 non-discretionary bonus = $800; Overtime: 13.35 hours; Unpaid Bonus OT: $62.12; Total Unpaid OT/Bonus: $862.12.

38. From 12/15-31/2020, Plaintiff closed three (3) loans. 3 x $100 non-discretionary bonus = $300; Overtime: 5.97 hours; Unpaid Bonus OT: $9.65; Total Unpaid OT/Bonus: $309.65.

39. From 1/1-15/2021, Plaintiff closed six (6) loans. 6 x $100 non-

discretionary bonus = $600; Overtime: 3.75 hours; Unpaid Bonus OT: $28.99; Total Unpaid OT/Bonus: $628.99.

40. From 1/15-31/2021, Plaintiff closed four (4) loans. 4 x $100 non-discretionary bonus = $400; Overtime: 10.52 hours; Unpaid Bonus OT: $26.30; Total Unpaid OT/Bonus: $426.30.

41. From 2/1-15/2021, Plaintiff closed five (5) loans. 5 x $100 non-discretionary bonus = $500; Overtime: 7.77 hours; Unpaid Bonus OT: $25.68; Total Unpaid OT/Bonus: $525.68.

42. From 2/16-28/2021, Plaintiff closed four (4) loans. 5 x $100 non-discretionary bonus = $400; Overtime: 6.60 hours; Unpaid Bonus OT: $16.66; Total Unpaid OT/Bonus: $416.66.

43. From 3/1-15/2021, Plaintiff closed two (2) loans. 2 x $100 non-discretionary bonus = $200; Overtime: 10.67 hours; Unpaid Bonus OT: $12.09; Total Unpaid OT/Bonus: $212.09.

44. From 3/15-30/2021, Plaintiff closed two (2) loans. 2 x $100 non-discretionary bonus = $200; Overtime: 11.30 hours; Unpaid Bonus OT: $12.77; Total Unpaid OT/Bonus: $212.77.

45. Plaintiff's total unpaid bonus and bonus overtime are $9,304.15.

**COUNT I**
**(VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA"))**

46. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 16 through 44 of this complaint with the same force and effect as if set forth herein.

47. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

48. Due to the willful, malicious and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

49. Defendant is an employer covered by the minimum wage and overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

50. As an employee for Defendant, Plaintiff worked hours in excess of the maximum weekly hours permitted under the FLSA, but was not paid the correct overtime bonus rate for those hours.

51. Plaintiff does not qualify for an exemption from the wage and overtime obligations imposed by the FLSA.

52. Defendant knew that it was required to pay Plaintiff for all hours worked and at the correct overtime rate.

53. Defendant willfully withheld and failed to pay the bonus overtime rate compensation to which Plaintiff was entitled.

54. Pursuant to the FLSA, Plaintiff was entitled to compensation for all hours worked and for the unpaid overtime at a rate of one and one-half (1 ½) times her regular rate.

55. Because Defendant's failure to pay such wages was willful pursuant to 28 U.S.C. § 255(a), Plaintiff is entitled to these wages.

56. The exact amount of compensation, including overtime compensation that Defendant has failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were not kept by them.

57. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records.

58. Plaintiff is entitled to review their records of hours worked to determine the exact amount of overtime owed by Defendant.

59. Absent Defendant keeping these records, as required by law, Plaintiff is entitled to submit her information about the number of hours worked.

60. Defendant's failure to pay Plaintiff compensation for all hours worked and/or at the lawful overtime rates is not based on good faith or reasonable grounds, or a belief that such failure is not in violation of FLSA. Pursuant to 20 U.S.C. § 216(b), Plaintiff is therefore entitled to liquidated damages in an amount equal to the

compensation and/or overtime which they have not been paid.

61. Plaintiff has been required to file this action as the result of Defendant's actions in failing to pay her proper compensation.

62. Pursuant to the FLSA, Plaintiff was entitled to compensation for all hours worked and for the unpaid overtime at a rate of one and one-half (1 ½) times her regular rate and to properly calculate the regular rate of pay to include the non-discretionary bonus for all loans closed by her in a given week.

63. Plaintiff is entitled to attorney's fees and costs incurred pursuant to 28 U.S.C. §216(b).

## COUNT II
*(ACCRUED AND UNPAID WAGES AND COMMISSIONS - FLORIDA STATUTE 448.08)*

64. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 16 through 44 of this complaint with the same force and effect as if set forth herein.

65. This is an action for unpaid commissions pursuant to Florida Statute 448.08.

66. Defendant received substantial and valuable benefits from Plaintiff for services rendered while she was employed by Defendant.

67. In accordance with Florida statute, Plaintiff is entitled to the total and actual wages owed to her for services rendered.

68. Plaintiff was entitled to compensation for all hours worked and for the unpaid overtime at a rate of one- and one-half times her regular rate and to properly calculate the regular rate of pay to include the non-discretionary for each loan closed on a weekly basis.

69. During her employment with Defendant, Plaintiff was paid $23.08 per hour and was to receive a $100.00 non-discretionary bonus per loan funded and closed for which she was responsible.

70. Plaintiff closed eighty-two (82) loans and worked approximately 230.42 hours of overtime between June 15, 2020 and April 1, 2021.

71. Plaintiff's total unpaid bonus and bonus overtime is $9,304.15.

72. Under the circumstances of this case, it would be inequitable for Defendant to retain the full amount of benefits conferred upon and realized by it, without payment to Plaintiff for the actual and total wages owed to her.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, and all those similarly situated, request judgment against Defendant as follows:

A. Award Plaintiff her unpaid wages, including overtime wages, commissions, or other monies owed as to be determined at trial together with any liquidated damages allowed by law;

B. Grant judgment against Defendant for all damage, relief, or any

other recovery whatsoever;

  C. Award Plaintiff liquidated damages;

  D. Award Plaintiff her reasonable costs and attorney's fees necessarily incurred herein; and

  E. Award Plaintiff such other and further relief as the Court deems just and proper.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

              Respectfully submitted,

Dated: May 2, 2022.    By: */s/ Clayton M. Connors*
           CLAYTON M. CONNORS
           Florida Bar No.: 0095553
           Email: cmc@westconlaw.com
           **THE LAW OFFICES OF**
           **CLAYTON M. CONNORS, PLLC.**
           4400 Bayou Blvd., Suite 32A
           Pensacola, Florida 32503
           Tel: (850) 473-0401
           Fax: (850) 473-1388
           Attorney for the Plaintiff